NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAKE LEE, AN INDIVIDUAL,**
*Plaintiff-Appellant*

v.

**MIKE'S NOVELTIES, INC., A TEXAS CORPORATION, DBA MIKE'S WORLDWIDE IMPORTS, MANISCH CHANDER, AN INDIVIDUAL, AKA MIKE CHANDER, AKA MANISCH CHANDRA, AKA MIKE CHANDRA,**
*Defendants-Appellees*

---

2014-1453

---

Appeal from the United States District Court for the Central District of California in No. 2:10-cv-02225-JAK-JC, Judge John A. Kronstadt.

---

Decided: June 23, 2015

---

ANTHONY H. HANDAL, Handal & Morofsky, LLC, Fairfield, CT, for plaintiff-appellant.

LOUIS F. TERAN, SLC Law Group, Pasadena, CA, for defendants-appellees.

––––––––––––

Before DYK, MOORE, and WALLACH, *Circuit Judges.*

Concurring opinion filed by *Circuit Judge* WALLACH.

PER CURIAM.

Jake Lee appeals a decision of the Central District of California denying Lee's request for attorney's fees pursuant to 35 U.S.C. § 285. In a previous appeal in this case, we reviewed a determination by the district court that the case was exceptional and that attorney's fees should be awarded. We held that as a matter of law the infringement had not been willful. *Lee v. Mike's Novelties, Inc.*, 543 F. App'x 1010, 1017 (Fed. Cir. 2013). On remand, the district court was "to determine whether [defendants'] litigation misconduct is independently sufficient to make this an exceptional case such that attorney's fees are warranted." *Id.* at 1018

On remand, the district court initially held that "[t]he three forms of litigation misconduct [at issue] are insufficient to find that the case is exceptional, and that attorney's fees should be awarded." S.A. 4. Lee appealed to our court. Thereafter, the Supreme Court decided *Octane Fitness, LLC v. Icon Health and Fitness, Inc.*, 134 S. Ct. 1749 (2014), and *Highmark Inc. v. Allcare Health Management Systems Inc.*, 134 S. Ct. 1744 (2014). Upon a motion by the plaintiff, the district court subsequently issued an indicative ruling pursuant to Federal Rule of Civil Procedure 62.1 reaffirming its decision not to award fees under the new standard of *Octane* and *Highmark*. The district court held that, under *Octane*, "[c]onsidering the totality of the circumstances, given that the 'evidence was close' and the litigation misconduct was 'modest,' there is not sufficient basis to conclude that Defendants maintained an exceptionally weak litigating position or advanced exceptionally meritless claims." S.A. 11. There-

fore, the district court ruled that it would not award fees under the new standard.

On appeal, Lee argues that the original attorney's fee award (which was the subject of the first appeal) should be reinstated in light of *Octane* and *Highmark*. We see no basis for reinstating the original district court decision, particularly given the district court's determination not to award fees under the new *Octane* standard and the standard of deferential review under *Highmark*.

**AFFIRMED**

Costs

Costs to appellees.

# United States Court of Appeals for the Federal Circuit

_____

**JAKE LEE, AN INDIVIDUAL,**
*Plaintiff-Appellant*

**v.**

**MIKE'S NOVELTIES, INC., A TEXAS CORPORATION, D/B/A MIKE'S WORLDWIDE IMPORTS, MANISCH CHANDER, AN INDIVIDUAL, A/K/A MIKE CHANDER, AKA MANISCH CHANDRA, A/K/A MIKE CHANDRA,**
*Defendants-Appellees*

_____

2014-1453

_____

Appeal from the United States District Court for the Central District of California in No. 2:10-cv-02225-JAK-JC, Judge John A. Kronstadt.

_____

WALLACH, *Circuit Judge*, concurring.

While I agree with the panel's decision to affirm the district court's denial of attorney fees, I write separately to address the behavior of Mr. Teran, counsel of Appellees Mike's Novelties, Inc.

The district court's Attorney Fees Order identified three different categories of litigation misconduct supporting its initial award of attorney fees under 35 U.S.C.

§ 285. Specifically, the district court found Mr. Teran threatened to file complaints of professional misconduct by Lee's counsel based on unsubstantiated assertions that Lee's counsel "intimidated and threatened [Mike Novelties'] customers." S.A. 4. The court also found Mr. Teran employed bad faith litigation tactics because he failed to produce required documents during discovery. Finally, the court found Mr. Teran made intimidating statements during settlement offers that belied the district court's rulings on claim construction and summary judgment.

It is ironic Mr. Teran sought to gain leverage in the litigation before the district court by threatening to report Lee's counsel for potential violation of the California and New York Rules of Professional Conduct, while that very action potentially violated Rule 8.4(c) of the American Bar Association Model Rules of Professional Conduct ("MRPC").[1]

Mr. Teran's unsupported representations regarding the court's determinations on claim construction and summary judgment, his failure to produce required documents during discovery, and his attempt to intimidate opposing counsel via unsubstantiated accusations constitute actions that fail to maintain the integrity of the profession.

---

[1] Rule 8.4(c) of the MRPC states "[i]t is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation."